Ronald X. GORDON, Appellant,

v.

The Honorable Sonny JAMES, Appellee.

No. 01–00–00232–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 2003.

Ronald X. Gordon, Bellaire, pro se.

Barry Conrad Willey, Galveston County Legal Dept., Galveston, Larry E. Meyer, Nelson & Zeidman, Houston for Appellee.

Panel consists of Justices TAFT, ALCALA and PRICE.[1]

## ORDER

TIM TAFT, Justice.

On December 5, 2002, we dismissed this appeal for want of prosecution because appellant, Ronald X. Gordon, had failed to pay the $125 appellate filing fee and had failed to pay for and file a supplemental clerk's record demonstrating that the appeal was taken from a final judgment. Appellant has filed a motion for reconsideration. This motion appears to be a motion for rehearing of our opinion issued on December 5, 2002 and will be construed as such. Appellant alleges in his motion for rehearing that he did not receive our October 3, 2002 order notifying him that his appeal would be dismissed if he did not pay his $125 appellate filing fee and pay for and file a supplemental clerk's record and that he was approved to proceed in forma pauperis. Because appellant had ample notice in which to comply with this Court's repeated orders and he took no action to ascertain what should have been in the "empty" envelope, we deny appellant's motion for rehearing.

### Notice

■ Appellant asserts in his motion for rehearing that he did not receive a copy of our October 3, 2002 order. Instead, he alleges that he received an empty envelope, postmarked October 7, 2002. On December 9, 2002, after having received the opinion dismissing his case, appellant brought a copy of this alleged "un-opened empty envelope" to the Clerk of this Court in an effort to prove that he had not received notice of the pending dismissal.

We did not simply dismiss this appeal. For two years, we have repeatedly notified appellant of his need to pay the filing fee and to file a supplemental clerk's record to avoid dismissal of his case. On November 13, 2000, we ordered appellant to pay the filing fee by November 28, 2000 or to inform this Court why he believed that he was entitled to proceed with the appeal without such payment. Appellant verbally advised this Court that he was entitled to proceed in forma pauperis. On November 22, 2000, we issued another order, this time explaining to appellant what the requirements to proceed as a pauper were and that the only affidavit of indigency on file, one that was in compliance with Texas Rule of Civil Procedure 145, did not comply with the requirements to appeal as an indigent set out in Texas Rule of Appellate Procedure 20.1. This second order reiterated that appellant's appeal would be dismissed if he did not pay the filing fee by November 28, 2000, as set out in this Court's previous order. The November 22, 2000 order also notified appellant that his appeal would be dismissed if he did not request, pay for, and file a supplemental clerk's record by December 22, 2000 demonstrating that this appeal was taken from a final judgment. Appellant did not re-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

spond to the November 22, 2000 order. Instead, on December 20, 2000, appellant filed a notice that he had removed this cause of action to federal court. Accordingly, on January 1, 2001, we abated the appeal until such date as the case was remanded and again ordered appellant to pay the filing fee and to supplement the clerk's record within 15 days of such remand to demonstrate that we had jurisdiction. The clerk at the federal court informed us that the federal court remanded the case and therefore, the abatement was lifted on August 29, 2001. Appellant did not pay the filing fee or supplement the clerk's record within 15 days of the remand as ordered. On October 3, 2002, we issued an order again informing appellant that his appeal would be dismissed if he did not pay the filing fee and file a supplemental clerk's record by November 2, 2003 indicating that we had jurisdiction. This final order is the order that appellant claims he did not receive. Because he allegedly did not receive this order, appellant claims that he did not have notice that the filing fee and supplemental clerk's record were due.

Besides the fact that appellant had numerous previous notifications from this Court, the allegedly empty envelope contained the name and address of this Court, as well as the cause number. Appellant is an experienced pro se appellant. The "empty" envelope was some notice to appellant that this Court intended some action. Receipt of the envelope triggered appellant's duty to check with this Court to obtain a copy of the order that was allegedly missing from the envelope. Appellant took no action to ascertain what should have been in the allegedly empty envelope.

We find that appellant had ample notice that the filing fee and supplemental clerk's record were due. His allegation that he received an empty envelope, rather than this Court's October 3, 2002 order, does not excuse appellant's failure to respond to this Court's repeated directives or his failure to contact the Court to ascertain what should have been in the envelope. He had two years in which to comply with this Court's repeated orders, yet appellant chose not to take any action. This Court had ample justification to dismiss this appeal.

### In Forma Pauperis

■ Appellant asserts that he was "approved" to proceed in forma pauperis. Specifically, he states that this Court granted him the right to proceed in forma pauperis "based on Appellant's 'Affidavit of Inability to Pay,' which was file-stamped by the Clerk of the First Court of Appeals on November 20, 2000." A file stamp does not grant a motion. Further, appellant filed his notice of appeal on March 3, 2000. Thus, his affidavit does not comport with the requirement of Rule 20.1(c) of Appellate Procedure, which requires the affidavit to be filed with or before the notice of appeal. *See* Tex.R.App. P. 20.1(c). Appellant has not shown that he is entitled to proceed without payment of costs on appeal.

Appellant further states in his motion for rehearing, "Enclosed hereto as Exhibit 'A' is a copy of Appellant's receipt for paying of [sic] filing fee for indigent appellant." However, appellant has not paid the appellate filing fee. Exhibit "A" consists of a receipt for payment of the motion fee.

### Conclusion

Accordingly, this Court has considered appellant's motion for rehearing, and that motion is **DENIED**.